UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGIA M. HUNTER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:22-CV-1046 AGF |
| TITLE MAX, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff's response to the Order to Show Cause. On October 4, 2022, the Court issued an Order directing self-represented plaintiff Georgia M. Hunter to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. [ECF No. 4]. Plaintiff filed a response to the Order to show cause on October 26, 2022. [ECF No. 5]. For the reasons discussed below, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**Background**

Plaintiff filed the instant civil action against defendant Title Max on September 29, 2022. [ECF No. 1]. On October 4, 2022, the Court granted plaintiff's motion for leave to commence this action without prepayment of the filing fee. In that same Memorandum and Order, the Court directed plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed.R.Civ.P.12(h)(3). Plaintiff filed a response to the Court's Order on October 26, 2022. The facts, as laid out *infra*, are taken from the civil complaint, as well as plaintiff's response brief.

In her civil complaint, plaintiff states that she is bringing this action pursuant to "federal question" jurisdiction because of "fraud" and because "interest rates" are too high. On the Civil Cover Sheet filled out by plaintiff, she indicates that she is bringing this action to recover overpayment of a contract, for recovery of "real property," as well as a under the tort for "other fraud." Plaintiff does not indicate that she is bringing this action under diversity of citizenship, pursuant to 28 U.S.C. § 1332. However, she does identify the citizenship of both parties on her Civil Cover Sheet. Plaintiff claims that she is a citizen of the state of Missouri, and she lists her county of residence as St. Louis County. Plaintiff names one defendant in this action, Title Max, and she claims that Title Max is incorporated in the State of Georgia with its principal place of business in the State of Georgia.

Plaintiff alleges that her car, a 2012 Ford Focus, was repossessed because Title Max "changed her due date." She states that she is on a fixed income, and when Title Max changed the date her car payment was due, she was unable to get the corporate office to change the due date back. In her complaint, plaintiff claims that on September 19, 2022, her car was in front of her neighbor's home, and a tow truck driver came to repossess her car in the early morning hours.

Plaintiff states that her car was the only car that provided transportation for four families living in four separate homes. However, she has not provided information as to "four families" she is referring to or the alleged damages in relation to the alleged four families. Rather, the damages set forth in her complaint and response brief relate only to herself.

Plaintiff claims that her injuries include her inability to take her grandson to school and to go to the doctor or shopping for food. She alleges that she now must catch the bus and walk places. Plaintiff also states that she is suffering "extreme mental injury" of not being able to provide headstones for her four children or pay for their burials "because Title Max has changed [her] due date causing excessive interest and eventually taking [her] car."

Plaintiff states that the "first time" her car was taken she paid $1,610.45 in interest for the car, as well as an additional payment of $1,263.85 at the time the car was repossessed. She asserts that she additionally paid $378.20 in unspecified charges. Plaintiff alleges that her "balance" was $5,138.99 on November 1, 2022.[1] However, plaintiff states that now the principal on the car is $4,970.50, as well as additional charges of $1,463.94 and expenses of $315.00, for a total balance that she owes on the car of $6,749.44.

Plaintiff alleges in a conclusory fashion that she is entitled to $100,000 because:

> Title Max did not respond to my requests psychologically as if I was talking to a brick wall. Ann at headquarters would not let me speak to her supervisor and Andrea at local said $600.00 payment monthly would only be for interest none for principal. I need my car and they stole it by changing my due date.

## Discussion

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. Based on the allegations of the complaint and the response brief, it appears

---

[1] Plaintiff states that on this date her car was taken and she "paid to get it back." The Court is confused by her assertions, as she previously claimed in her complaint that her car was taken on or about September 19, 2022, and she was unable to get it back because it was sold at private auction. The Court notes that in her response brief, plaintiff also states that "Title Max was to give me a notice after the [sale] as to the disposition, I have gotten nothing." Thus, there is some confusion as to whether plaintiff has possession of the car currently.

plaintiff is seeking to bring a Missouri state law breach of contract action or a state law tort action against defendant Title Max.[2] As such, the instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

Given plaintiff's assertions regarding the citizenship of the parties, the Court will assume, without deciding, that the parties are completely diverse. However, the Court finds that plaintiff has not shown that amount in controversy exceeds $75,000. *See State of Mo. ex rel. Pemiscot Cnty., Mo. v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (when the Court questions whether the amount in controversy is legitimate, "the party invoking jurisdiction must prove the requisite amount by a preponderance of the evidence").

It is plaintiff's responsibility to establish jurisdiction by a preponderance of the evidence. *Kopp v. Kopp*, 280 F.3d 883, 884-85 (8th Cir. 2002), citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188-89 (1936). "[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id*. at 884, quoting

---

[2]Plaintiff identifies no federal statutes, treaties, or constitutional provisions as being at issue, and her suit is not against a federal official or federal agency.

*Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994). "The legal certainty standard is met where the 'legal impossibility of recovery [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim.'" *Schubert v. Auto Owners Ins. Co.,* 649 F.3d 817, 822 (8th Cir. 2011), quoting *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010). Both compensatory and punitive damages are included in the amount in controversy, but the existence of the required amount must be supported by competent proof. *Peterson v. The Travelers Indem. Co.,* 867 F.3d 992, 995 (8th Cir. 2017).

Plaintiff's specific damages appear to amount to a total of $6,749.44. This is well below the threshold amount for diversity jurisdiction. She has not, however, substantiated her emotional distress damages or punitive damages in this action, asserting only that she believes she is entitled to a total amount of $100,000.

In Missouri, punitive damages are not ordinarily available in breach of contract actions unless the conduct giving rise to the claim of breach also constitutes an independent, willful tort. *Kelly v. State Farm Mut. Auto. Ins. Co.,* 218 S.W.3d 517 (Mo. Ct. App. W.D. 2007). Even if plaintiff were to bring this action under the general tort of "fraud" in Missouri, stricter punitive damages guidelines were added to Missouri Revised Statute Section 510.261 in August of 2020. Under those guidelines, punitive damages shall not be awarded unless the plaintiff proves by clear and convincing evidence that the defendant intentionally harmed the plaintiff without just cause or acted with deliberate and flagrant disregard for the safety of others. *Id.* Plaintiff has not alleged such actions by defendant. Thus, there is no indication that plaintiff can sustain a claim for punitive damages in this action.

Although plaintiff additionally claims damages for emotional distress, in *Bass v. Nooney Co.,* 646 S.W.2d 765, 772–73 (Mo. banc 1983), the Missouri Supreme Court held that a plaintiff in an emotional distress case, where the emotional distress is unaccompanied by physical injury,

can only recover so long as: "(1) the defendant should have realized that his conduct involved an unreasonable risk of causing the distress; and (2) the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant." (footnote omitted.) Thereafter, in *Fetick v. Am. Cyanamid Co.,* 38 S.W.3d 415, 419 (Mo. banc 2001), the Missouri Supreme Court held that, to be compensable as damages for willful fraud, emotional distress must meet *Bass's* requirement of being "medically diagnosable and significant." Plaintiff has not alleged that she has a medically diagnosable mental injury in this action. Thus, it does not appear that she is eligible for emotional distress damages under Missouri law.

Based on the above, plaintiff has not substantiated that she is able to meet the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332. As a result, this case will be dismissed without prejudice for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 2nd day of December, 2022.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE